**IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **DORIAN AMSTERDAM LPG TRANSPORT LLC and their Subrogated Underwriters and HELIOS LPG POOL LLC,** | § § § § | |
| *Plaintiffs*, | § | |
| | § | **Civil Action No. _____** |
| vs. | § | |
| | § | **In Admiralty Rule 9(h)** |
| **TRADEWINDS TOWING COMPANY, DARDAR MARINE SERVICES LLC, and WEEKS MARINE, INC.,** *in personam*, **and the TB REBEKAH and TB AJAX,** *in rem*, | § § § § § § | |
| *Defendants*. | § | |

## VERIFIED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Dorian Amsterdam LPG Transport LLC ("Dorian") and their Subrogated Underwriters[1] and Helios LPG Pool LLC ("Helios"), by and through their attorneys, Royston, Rayzor, Vickery & Williams, L.L.P., and files this, their Verified Original Complaint against Defendants Tradewinds Towing Company ("Tradewinds"), Dardar Marine Services LLC ("Dardar") and Weeks Marine, Inc. ("Weeks"), *in personam*, and the TB REBEKAH ("REBEKAH") and TB AJAX ("AJAX"), *in rem*, and would respectfully show the Court as follows:

## JURISDICTION AND VENUE

1.      The Court has subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1333 as Dorian and their Subrogated Underwriters and Helios assert a claim arising out

---

[1]     As used herein, Subrogated Underwriters include Lloyd's Insurance Company S.A. XLC 5345 (AxaXL), Lloyd's Insurance Company S.A. ASC 5325 (Ascot), Lloyd's Insurance Company S.A. TAL 513 (Talbot), Alliance Global Corporate & Specialty SE, Markel Insurance SE, Gard Marine & Energy Limited, Norwegian Hull Club, Swiss Re International SE, and Rappresentanz per Italia.

of a maritime tort, *i.e.*, a May 28, 2022 collision between the LPG/C COMMODORE (the "COMMODORE") and a flotilla consisting of the REBEKAH, AJAX, two anchor barges, pontoon tanks, and sublines (collectively the "Flotilla"). This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is brought pursuant to Rules B and C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure ("Rule B" and "Rule C").

2.      Venue for this civil action is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of Texas.

3.      This Court has personal jurisdiction over the Defendants because, at all material times, the REBEKAH and AJAX were operating on as part of a beach renourishment project for McFadden Beach, Texas.  In conjunction with this project, the tugs were operating out of a home base located near Sabine Pass, Texas.

4.      Moreover, the collision between the COMMODORE and Flotilla occurred while both the COMMODORE and Flotilla were located and operating, in whole or in part, in Texas.

5.      At the time of the collision, the REBEKAH was in Texas.

6.      At the time of the collision, the AJAX was in Texas.

## PARTIES

7.      Dorian is a limited liability company organized and existing under the laws of the Marshall Islands.  Dorian maintains its principal place of business in Stamford, Connecticut.  At all material times, Dorian was the registered owner of the COMMODORE, which is a Bahamian flagged, large petroleum gas tanker, bearing IMO no. 9702027, and technically managed by Dorian LPG Management Corp.

8.      Helios is a limited liability company organized and existing under the laws of the Marshall Islands.  Helios maintains its principal place of business in Singapore.  At all material times, the COMMODORE was operating as part of a pooling agreement and evergreen time charter party agreement with Helios.

9.      Tradewinds is a corporation organized and existing under the laws of Delaware that maintains an address at 725 Joseph #A, New Orleans, Louisiana 70115, and at all material times, was the owner and operator of the REBEKAH, bearing IMO no. 7932331.  Tradewinds can be served through its registered agent at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

10.     Dardar is a limited liability company organized and existing under the laws of Louisiana that maintains an address at 2320 Piedmont St., Kenner, Louisiana 70062.  At all material times, Dardar was the owner and operator of the AJAX, bearing United States Coast Guard O/N no. 593264. Dardar can be served through its registered agent at 2320 Piedmont St., Kenner, Louisiana 70062.

11.     Weeks is a corporation organized and existing under the laws of New Jersey that maintains an address at 304 Gaille Drive, Covington, Louisiana 70433. Weeks engaged the REBEKAH and AJAX to perform services in conjunction with the beach renourishment project and was the owner of the two anchor barges, pontoon tanks, and sublines. Weeks can be served through its registered agent located at 304 Gaille Drive, Covington, Louisiana 70433.

## FACTS

12.     During the early morning hours of May 28, 2022, the COMMODORE, which was under pilotage, was transiting the Sabine Channel inbound enroute to the Sun Marine Terminals, Nederland Texas.

13.     Unbeknownst to the COMMODORE and her crew, at this time the REBEKAH and AJAX were negligently maneuvering an unlit and unmarked partially submerged dredge pipe.

14.     The AJAX and REBEKAH impeded the safe passage of the COMMODORE within the Sabine Channel and failed to adhere to agreed passing arrangements as well as applicable navigation rules.

15.     At approximately 0322 LT the COMMODORE collided with portions of the Flotilla, which were impeding the safe passage of the COMMODORE within the Sabine Channel.

16.     Immediately thereafter, the COMMODORE dropped anchor.

## CAUSES OF ACTION AND DAMAGES

17.     Plaintiffs repeat and reallege each and every allegation set forth in Paragraph 1 through 16 of this Verified Original Complaint as if set forth herein at length.

18.     Under the general maritime law, Defendants owed Plaintiffs a duty to observe the standards of good and prudent seamanship, and a duty to exercise reasonable care while navigating the Flotilla in the Sabine Channel and River.

19.     In addition, Defendants had a statutory duty to follow the Inland Navigation Rules and United States Coast Guard Regulations while navigating the Flotilla in the Sabine Channel and River.

20.     Defendants breached these duties through the following instances of negligence, negligence *per se*, gross negligence and/or recklessness:

a)      The unseaworthy condition of the REBEKAH and AJAX;

b)      Failure to navigate, steer, and control the Flotilla properly and in accordance with the applicable rules of navigation, meeting agreements, and/or industry customs;

c)      Failure to properly communicate *via* radio the identification and position of the Flotilla;

d)      Carelessly navigating the Flotilla without taking into consideration all forces to be taken into account by a competent navigator;

e)      Failure to properly supervise the REBEKAH and AJAX's crew;

f)      Failure to properly train their employees and/or the REBEKAH and AJAX's crew;

g)      Operating the REBEKAH and AJAX with an inadequate crew;

h)      Failure to take reasonable and timely action to prevent or minimize the events that precipitated the collision;

i)      Failure to operate the Flotilla with ordinary and reasonable care;

j)      Negligently implementing or failing to implement policies and procedures appropriate to conduct maritime operations safely;

k)      Violating U.S. Coast Guard and/or other applicable regulations intended to prevent collisions; and

l)      Other acts or omissions deemed negligent, grossly negligent, negligent *per se*, and/or reckless to be shown at trial.

21.      Defendants' breaches of the aforementioned duties were the proximate cause of the physical damage to the COMMODORE, which resulted in monetary losses in the amount of at least $892,652.32 exclusive of disbursements, costs, and reasonable attorney's fees suffered by Dorian and their Subrogated Underwriters and Helios.

22.      As a result of Defendants' gross negligence and reckless conduct, Plaintiffs are entitled to punitive damages

23.      All conditions precedent to the causes of action set forth herein have been met.

## **APPLICATION FOR RULE B AND C RELIEF**

24.      Plaintiffs repeat and reallege each and every allegation set forth in Paragraph 1 through 23 of this Verified Original Complaint as if set forth herein at length.

25.      The requirements of Rule B are met. First, Plaintiffs have a valid maritime claim against Weeks, Tradewinds, and Dardar, *i.e.*, a claim for damages as a result of the aforementioned collision.

26.     Weeks, Tradewinds, and Dardar cannot be found within this Judicial District.

27.     Upon information and belief, Weeks, Tradewinds, and/or Dardar has, or soon will have, property located within this Judicial District.

28.     Finally, there is no statutory bar to recovery to Plaintiffs' claim.

29.     Accordingly, Plaintiffs seek attachment of the property of Weeks, Tradewinds, and Dardar pursuant to the process of maritime attachment and garnishment against such property pursuant to Rule B in order to secure its claim for damages as a result of the collision.

30.     The requirements of Rule C are also met. Plaintiff has a maritime lien against the REBEKAH and AJAX, *in rem*, for damages as a result of the collision.

31.     Under the Supplemental Rules for Certain Admiralty and Maritime Claims, Plaintiffs have the right to arrest the REBEKAH and AJAX to enforce its maritime lien.

## **PRAYER**

**WHEREFORE**, Dorian Amsterdam LPG Transport LLC and their Subrogated Underwriters and Helios LPG Pool LLC pray:

a)  That pursuant to Rule C process in due form of law may issue against the REBEKAH and AJAX, *in rem*;

b)  That pursuant to Rule B process in due form may issue against the property of Tradewinds Towing Company, Dardar Marine Services LLC, and Weeks Marine, Inc. which is located in this Judicial District;

c)  That all persons claiming any right, title or interest in the REBEKAH and AJAX may be cited to appear and to answer, upon oath, all and singular, the matters aforesaid;

d)  That, pursuant to a Warrant of Seizure (or Arrest), the United States Marshal of this District arrest the REBEKAH and AJAX, and retain same under arrest pending the further orders of this Court;

e)  That pursuant to a Writ of Attachment, the United States Marshal of this District attach any property of Tradewinds Towing Company and Dardar Marine Services LLC and retain the same under attachment pending the further orders of this Court;

f)   That a judgment may be entered in favor of Dorian Amsterdam LPG Transport
LLC and their Subrogated Underwriters in the amount of at least $892,652.32
exclusive of disbursements, costs, and reasonable attorney's fees against
Tradewinds Towing Company and Dardar Marine Services LLC., *in personam*,
and the REBEKAH and AJAX, *in rem*; and

g)   That Dorian Amsterdam LPG Transport LLC and their Subrogated
Underwriters and Helios LPG Pool LLC may have such other and further relief
as the Court and justice may deem just and appropriate under the circumstance
of the cause.

Respectfully submitted,

ROYSTON RAYZOR VICKERY & WILLIAMS LLP

By: _/s/ Richard A. Branca_
    Richard A. Branca
    Texas State Bar No. 24067177
    Blake E. Bachtel
    Texas State Bar No. 24116055
    1600 Smith Street, Suite 5000
    Houston, Texas 77002
    Telephone: (713) 224-8380
    Facsimile: (713) 225-9945
    richard.branca@roystonlaw.com
    blake.bachtel@roystonlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS
DORIAN AMSTERDAM LPG TRANSPORT
LLC AND THEIR SUBROGATED
UNDERWRITERS AND HELIOS LPG POOL
LLC**

OF COUNSEL:

ROYSTON RAYZOR VICKERY & WILLIAMS LLP

**IN UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **DORIAN AMSTERDAM LPG** <br> **TRANSPORT LLC and their Subrogated** <br> **Underwriters and HELIOS LPG POOL** <br> **LLC,** <br>     *Plaintiffs,* <br><br> **vs.** <br><br> **TRADEWINDS TOWING COMPANY,** <br> **DARDAR MARINE SERVICES LLC,** <br> **and WEEKS MARINE, INC.,** *in* <br> *personam,* **and the TB REBEKAH and** <br> **TB AJAX,** *in rem,* <br>     *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **Civil Action No. _____** <br><br> **In Admiralty Rule 9(h)** |

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY**
**PURSUANT TO 28 U.S.C. § 1746 OF BENGT NERGAARD**

1.  My name is Bengt Nergaard.  I am a person over the age of twenty-one (21) years, of sound mind, and am fully qualified to make this Unsworn Declaration which is based upon my own personal knowledge.  I have never been convicted of a crime or felony involving moral turpitude and am otherwise fully competent to testify to the facts set forth herein.

2.  I am in-house maritime counsel for Dorian LPG (USA) LLC.  I have read the foregoing Verified Original Complaint and know the contents thereof, and understand that the same are true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 26, 2023.

_____
BENGT NERGAARD

**IN UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **DORIAN AMSTERDAM LPG** | § | |
| **TRANSPORT LLC and their Subrogated** | § | |
| **Underwriters and HELIOS LPG POOL** | § | |
| **LLC,** | § | |
| *Plaintiffs,* | § | |
| | § | **Civil Action No. _____** |
| **vs.** | § | |
| | § | **In Admiralty Rule 9(h)** |
| **TRADEWINDS TOWING COMPANY,** | § | |
| **DARDAR MARINE SERVICES LLC,** | § | |
| **and WEEKS MARINE, INC.,** *in* | § | |
| *personam,* **and the TB REBEKAH and** | § | |
| **TB AJAX,** *in rem,* | § | |
| *Defendants.* | § | |

**VERIFICATION**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Blake E. Bachtel, who being duly sworn, deposed and stated as follows:

"I am an attorney for Plaintiffs in connection with the referenced matter. After a diligent search, including Google, Yellow Pages (online), the Texas Secretary of State, and WestLaw, I am unable to locate officers or directors for Defendants present in the district, and based on my knowledge, information, and belief, they are not present within the Eastern District of Texas for purposes of Rule B."

*Blake Bachtel*

Blake E. Bachtel

SUBSCRIBED AND SWORN to before me on the 26th day of January, 2023.

SYLVIA L COOPER
Notary ID #2652944
My Commission Expires
January 4, 2024

*Sylvia L. Cooper*
Notary Public in and for the
State of Texas

65545:46741538